IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 18-05445 (BKT) |
| JUAN ANGEL NIEVES QUIÑONES<br>YAMIR GARCIA SEGARRA | CHAPTER 7 |
| Debtors | |
| JUAN ANGEL NIEVES QUIÑONES<br>YAMIR GARCIA SEGARRA | |
| Plaintiffs | Adversary No. 18-00138 |
| BANCO POPULAR PUERTO RICO<br>WIGBERTO LUGO MENDER, TRUSTEE | |
| Defendants | |

**STATEMENT OF UNCONTESTED FACTS AND MEMORANDUM OF LAW**

TO THE HONORABLE COURT:

COMES NOW defendant Banco Popular Puerto Rico ("BPPR" or the "Bank") represented by the undersigned attorney and without submitting to the jurisdiction of the Court, respectfully sets forth and prays:

**I.**

**Nature of the Complaint**

On December 5, 2018 Debtors-Plaintiffs filed the above captioned complaint to determine the validity, priority or extent of Defendant's lien that encumbers Debtors-Plaintiffs'

residence located Borinquen Valley 2 Development, 382 Capuchino Street, Caguas, PR (the "Subject Property").

The controversy before the Court is a core proceeding that arises under the scope of 28 U.S.C. § 157 (b) (2) (K) and the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq* ("the Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure. The Court has jurisdiction to entertain and adjudicate the present controversy pursuant to the provisions of 28 U.S.C. § 1331.

## II.

## Undisputed Material Facts

<u>The Nature of the Claim</u>

1. On October 23, 2008 Debtors-Plaintiffs executed a mortgage note payable to the order of RG Premier Bank of Puerto Rico in the principal amount of $142,123.00, bearing interest at the annual rate of 5.5% and due on November 1st, 2038 (the "Note"). The Note was signed on even date in San Juan, PR before Notary Public Michelle Colberg Irizarry as it appears from Affidavit No. 670. The Note was duly endorsed to the order of BPPR. Copy of the Note is attached hereto and made part hereof as ***Exhibit 1*** of the foregoing Statement of Uncontested Facts.

2. On October 23, 2008 Debtors-Plaintiff signed and executed a Deed of First Mortgage to secure the payment of the Note. The mortgage encumbers the Subject Property as it appears from Deed Number 35 ("Deed of First Mortgage) signed before Notary Public Michelle Colberg Irizarry. Copy of the Deed of First Mortgage is attached hereto and made part hereof as ***Exhibit 2*** of the foregoing Statement of Uncontested Facts.

3. The Deed of First Mortgage was presented at the Property Registry of Puerto Rico on December 11, 2008 at Daily Log 1144, Entry Number 10691, note 1449 as it appears from the

Title Search by Capital Title dated July 19, 2018. Copy of the Title Search is attached hereto and made part hereof as *Exhibit 3* of the foregoing Statement of Uncontested Facts.

4. On the following three paragraphs we are going to quote the core allegations upon which Debtors-Plaintiffs try to sustain their case. On paragraph 15 of the complaint filed in the above captioned adversary proceeding without any evidence or documents to substantiate their allegations Debtors-Plaintiffs alleged and we quote:

> "That the above described mortgage Deed No. 35 has not been duly recorded at the Property Registry, Caguas, Section due to certain defects which prevents its registration."

5. On paragraph 16 of the complaint filed in the above captioned adversary proceeding without any evidence or documents to substantiate their allegations Debtors-Plaintiffs alleged and we quote:

> "An investigation of the Property Registry records/books concerning the Property revealed that the aforestated Mortgage Deed No. 35 has not been duly recorded since its collateral, the Property of lot number 382, has not been segregated and the same does not exist as a separate property which can be subjected to a mortgage lien."

6. On paragraph 17 of the complaint filed in the above captioned adversary proceeding without any evidence or documents to substantiate their allegations Debtors-Plaintiffs alleged and we quote:

> "The Property Registry records/books also reveal that the Property Registrar is unable to segregate the Property of lot 382 due to a missing "government resolution" required to allow the segregation of said lot number 382."

7. We respectfully submit to the Court that the allegations contained in paragraphs 15, 16 and 17 of the complaint is highly speculative and unsubstantiated.

8. A search conducted on July 12, 2019 at KARIBE, the official website for the documents presented and registered at the Property Registry of Puerto Rico corroborates the

following facts: *(i)* the Deed of First Mortgage was duly presented at the Property Registry of Puerto Rico; and *(ii)* that the Deed of First Mortgage has not been qualified or graded by the Property Registry of Puerto Rico. Copy of the computer screen print-out of KARIBE's website is attached hereto and made part hereof as ***Exhibit 4*** of the foregoing Statement of Uncontested Facts.

9. That a cursory review of the complaint in its totality filed fails to reveal any other facts or allegations to challenge the validity, priority or extent of BPPR's lien other than the ones alleged in paragraphs 15, 16 and 17 of the complaint.

### III.

### The Controversy

Can Plaintiffs avoid a mortgage deed validly presented that has not been qualified nor notified of any defects by the Property Registry of Puerto Rico?

### IV.

### The Law and the Jurisprudence

In essence, the complaint as filed pretends to avoid the pre-petition transfer of property or the obligations incurred by Debtors-Plaintiffs in the Deed of First Mortgage that was timely presented at the Property Registry of Puerto Rico.

In order to be able to make the correct legal analysis we must examine the applicable Bankruptcy Code Provisions and the applicable dispositions of the Puerto Rico Mortgage Law.

*The Bankruptcy Code*

Debtors-Plaintiffs' cause of action has to be examined taking into consideration the avoiding powers granted by the Code to the trustees found in Sections 544 and 551 of the

Bankruptcy Code (the "Code") 11 U.S.C. §§ 544, 551). Section 544 (a) (3) provides in its pertinent part as follows:

> "(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> . . . . . . . . . .
>
> . . . . . . . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

Pursuant to the provisions of Section 551 of the Code any transfer avoided under sections 522, 544, 545, 547, 548, 549, or 724(a), or any lien void under section 506(d) of Code, is preserved for the benefit of the estate but only with respect to property of the estate.

At this stage of our brief we have to determine if the creation of a lien or the retention of a title security interest is a transfer under the Code. The word "transfer" is a defined term under the Code. Section 101 (54) of the Code provides as follows:

> "(54) The term "transfer" means—
>
> (A) the creation of a lien;
>
> (B) the retention of title as a security interest;
>
> (C) the foreclosure of a debtor's equity of redemption; or
>
> (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—

(i) property; or

(ii) an interest in property."

Based on the interpretation of § 544 (a) (3) and § 101 (54), *supra*, the constitution of a mortgage and its subsequent presentation at the Property Registry can be a transfer that may be voidable. In order to be able to determine if the transfer is voidable in the absence of specific Code provisions on how mortgages are perfected in our local jurisdiction, we have to examine the laws of the Commonwealth of Puerto Rico.

*Puerto Rico Mortgage Law*

As stated by the Honorable Brian K. Tester in the opinion an order entered on December 18, 2018 in the case of <u>Alejandro Oliveras Rivera v. Banco Popular de Puerto</u>, *et als,* Adversary Proceeding 18-00014 BKT:

> "The definition of transfer, however, has limits. Initially, for a debtor to transfer property, the debtor must first have an interest in that property. That interest is generally determined with reference to state law or other applicable non-bankruptcy law. 2 Collier on Bankruptcy, § 101.54 (Richard Levin & Henry J. Sommer eds. 16th ed.). Property rights in bankruptcy are created, defined and determine by state law. <u>Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.</u>, 549 U.S. 443, 451 (2007), quoting <u>Butner v. United States</u>, 440 U.S. 48, 55 (1979)."

There is no controversy over the fact that BPPR had a pre-petition interest in the Subject Property. Debtors obtained a loan on October 23, 2008 from RG Premier Bank of Puerto Rico (now BPPR as holder in due course of the Note) and executed the Deed of First Mortgage by which they consented to the constitution of a mortgage lien over the Subject Property. The Purchase Deed and the Deed of First Mortgage were duly presented for recordation at the Puerto Rico Registry of the Property on December 11, 2008, approximately ten (10) years prior to the

filing of the above captioned bankruptcy petition, if we take into consideration that the above captioned bankruptcy petition was filed on September 20, 2018.

Article 19, 30 P.R. Laws Ann. §6034, of Law No. 210 of December 8, 2015, known as the Puerto Rico Mortgage Law, ("Law No. 210") establishes, in pertinent part, that the "recorded titles shall become effective for third parties from the date of their recordation. In other words, property rights such as mortgages have a constitutive requisite as discussed hereinafter.

*The Retroactive Effect of the Recordation*
*To the date of Presentation*

One of the pillars upon which our Property Registry system was created is based on the e "retroactive effect". In essence, the retroactive effect provides that the date of the recordation of the documents, like the Deed of First Mortgage, is retroactive to the date it was presented. Thus, as per Law No. 210 once the Property Registry qualifies or grades the Deed of First Mortgage, the Deed of First Mortgage will appear in their books and records registered retroactive to the date it was presented, to wit, of December 11, 2008.

Additionally, the Puerto Rico Supreme Court confirms this interpretation. In Gasolinas de Puerto Rico v. Richard Keeler, 155 D.P.R. 652, 675 (2001) the Court concluded that although the recorded titles have effect as to third parties since their recordation, the date of the presentation will be the determining moment for this recordation to be effective, since the recordation in the Registry produces its effects retroactively from the specific moment of the presentation.

The United States Bankruptcy Court for the District of Puerto Rico has also upheld this principle in the case of Hiraldo v. Banco Popular de P.R. (In Re Hiraldo), 471 B.R. 676, 685 (Bankr. D.P.R. 2012) this Court held that "Puerto Rico law regards the filing of a mortgage at the

Property Registry to be a legally significant act that initiates the certifying role of the Property Registrar, begins the process of registration and operates as the decisive point for resolving any competing registrations in the same property." Soto Ríos v. Banco Popular de P.R. (In re Soto Ríos), 662 F.3d 112, 121 (B.A.P. 1st Cir. 2011).

Mortgages in general have a constitutive requisite, known as the constitutive effect of recordation. This legal principle has also been recognized by the First Circuit Court of Appeals. Soto Ríos v. Banco Popular de P.R., *supra*; Roig Commercial Bank v. Dueño, 617 F. Supp. 913 (1985). The Supreme Court of Puerto Rico has also recognized this legal principle. See Rosario Pérez v. Registrador, 115 D.P.R. 491 (1984).

Plaintiffs' sole argument to challenge BPPR's security interest is highly speculative and totally unfounded because the Deed of First Mortgage was timely presented at the Property Registry and as of this date the document has not been graded or qualified nor notified of any defects.

Even in the alternative that the Deed of First Mortgage was notified of any defects BPPR will be allowed a specific term of 60 days to cure any and all defects notified by the Property Registry without violating the automatic stay.

Section 362(b)(3) of the Code, recognizes by way of an exception and sets forth it will not operate as a stay an "act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that that trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title".

Section 362 (b)(3), *supra*, does not authorize the creation of new rights or interests for the creditor. Instead, it merely permits perfection, or maintenance or continuation of perfection, free

of the automatic stay that would otherwise be applicable, under circumstances in which the creditor's action would be effective against a trustee. 5 Collier on Bankruptcy ¶ 362.05[4], (16th ed. 2012) Alan N. Resnick & Henry J. Sommer. To qualify for this particular exception to the automatic stay, a creditor must satisfy the following three requirements: ***(i)*** an act to perfect; ***(ii)*** an interest in property; and ***(iii)*** under the circumstances in which the perfection-authorizing statute fits within the parameters of Section 546(b) of the Bankruptcy Code. Soto Ríos v. Banco Popular de P.R. (In re Soto-Ríos), *supra*, In re 229 Main St., 262 F. 3d at 5 (1st Cir. 2001); Hiraldo v. Banco Popular de P.R. (In Re Hiraldo), *supra*. Furthermore, according to 3-362 Collier on Bankruptcy P 362.05 (16th Ed. 2017) "under nonbankruptcy law, a creditor may have a grace period for perfecting interests. If the interest is perfected before the expiration of the grace period, the interest is effective and perfected against an intervening lien creditor." (citing, Klein v. Cayale Trovato, Inc. (In re Lionel Corp.), 29 F.3d 88, 31 C.B.C. 1090 (2d Cir. 1994) When applied to the instant case, the interest over the property would be perfected during the sixty days provided by the Registrar to cure the defect, as per Puerto Rico Mortgage Law.

## V.

## Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure as adopted by reference by Rule 7056 of the Federal Rules of Bankruptcy Procedure provides for the summary judgment requested by Defendant. Specifically, Rule 56, *supra*, is applicable to contested matters by virtue of Bankruptcy Rules 7056 and 9014(c) of the Federal Rules of Bankruptcy Procedure. See In re Rivera, 558 B.R. 36, 39 (Bkrtcy. D. Puerto Rico, 2016); In re Emmons, 349 B.R. 780, 785 (Bkrtcy.W.D.Mo., 2006); Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 762 (1st Cir.1994); see also Soto Rios v. Banco Popular de P.R., *supra*,.

The First Circuit Court of Appeals set the standards for granting summary judgments in our Circuit in the case of Hahn v. Sargent, 523 F. 2d. 461 (1st Cir. 1975) at page 464:

> "The language of Rule 56 (c) sets forth a bifurcated standard which the party opposing summary judgment must meet to defeat the motion. He must establish the existence of an issue of fact which is both "genuine" and "material". A material issue is one which affects the outcome of the litigation. To be considered "genuine" for Rule 56 purposes a material issue must be established by sufficient evidence supporting the claimed factual dispute. . .to require a jury or judge to resolve the parties' differing versions of the truth at trial."

In other words, summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012). "A 'genuine' issue is one that could be resolved in favor of either party." Calero Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004); see also Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). "By like token, 'material' means that the fact is one that might affect the outcome of the suit under the governing law." Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## VI.
## Argument

There is no genuine controversy as to the material facts that are summarized herein after and summary judgment in favor of BPPR should be granted if we take into consideration: *(i)* the Deed of First Mortgage was presented at the Property Registry on December 11, 2008 (***Exhibits***

*3 and 4)*; *(ii)* as of this date the Deed of First Mortgage has not been qualified or graded by the Property Registry (***Exhibit 4***); *(iii)* as of this date the Property Registry has not notified BPPR of any defects that will prevent the registration of the Deed of First Mortgage; and *(iv)* the allegations made by Debtors-Plaintiffs in the complaint that the Property Registry has not registered the Deed of First Mortgage because there are defects that prevent inscription are unsubstantiated and highly speculative.

## NOTICE OF RESPONSE TIME

Pursuant to the provisions of Local Bankruptcy Rule 9013-1(c)(1) within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

WHEREFORE Defendant prays from this Honorable Court to enter judgment granting the foregoing Motion for Summary Judgment and dismissing the complaint.

In San Juan, Puerto Rico this 12th day of July, 2019.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on even date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Roberto Figueroa Carrasquillo, Esq.,** and **Wigberto Lugo Mender, Esq., Trustee, Esq.**

Chapter 13 Trustee. I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

/s/ *José F. Cardona Jiménez*
USDC PR 124504
CARDONA-JIMENEZ LAW OFFICES, PSC
Attorney for the Appearing Defendant
PO Box 9023593
San Juan, Puerto Rico 00902-3593
Tel. (787) 724-1303
Fax No. (787 724-1369
E-mail: jf@cardonalaw.com