**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**JUAN ANGEL NIEVES QUINONES;**<br>**YAMIR GARCIA SEGARRA**<br><br><br><br><br>**Debtor(s)** | **CASE NO. 18-05445 BKT**<br><br>**Chapter 7**<br><br><br>**Adversary No. 18-00138** |
| **JUAN ANGEL NIEVES QUINONES;**<br>**YAMIR GARCIA SEGARRA**<br><br>**Plaintiff**<br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO**<br><br>**Defendant(s)** | **FILED & ENTERED ON 10/02/2019** |

**OPINION & ORDER**

Before the court is Defendant Banco Popular de Puerto Rico's (hereinafter "BPPR") *Motion for Summary Judgment* [Dkt. No. 18]; BPPR's *Statement of Uncontested Facts and Memorandum of Law* [Dkt. No. 19]; and Plaintiffs/Debtors Juan A. Nieves Quiñonez and Yamir Garcia Segarra's (hereinafter "Debtors" or "Plaintiffs") *Reply to Motion for Summary Judgment, Docket No. 18 and*

*19 and Plaintiffs' Cross-Motion for Summary Judgment* [Dkt. No. 24]. For the reasons set forth below, BPPR's *Motion for Summary Judgment*; *Statement of Uncontested Facts and Memorandum of Law* [Dkt. No.'s 18 & 19] are GRANTED.

Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code on September 20, 2018. On December 5, 2018 the above-captioned adversary proceeding was filed to determine the validity of a mortgage lien held by BPPR over Plaintiffs' residential real property (hereinafter "Property"). The Debtors listed BPPR as an unsecured creditor in their schedule E/F upon the filing of the related legal case. The Debtors acquired the Property in question on October 28, 2008, and on even date executed a mortgage note in the sum of $142,123.00 in favor of R&G Premier Bank.[1] Said mortgage note was presented to the Puerto Rico Property Registry, Caguas Section (hereinafter "Registry") on December 11, 2008. As of the date of the filing of this Complaint, the mortgage note is pending registration.

It is the Plaintiffs' contention that the mortgage note has not been recorded by the Registry due to certain defects. The lot which serves as collateral for the mortgage loan has not been duly segregated, and so therefore, does not exist as a separate property which can serve as collateral for purposes of a mortgage lien. In support of Debtors' argument, they submit an unsworn declaration under penalty of perjury dated July 29, 2019, from a title investigator, Mr. Angel Urbina, whose services they contracted on or about October 2018. Mr. Urbina concludes that BPPR's mortgage lien cannot be registered due to a defect in the segregation of the lot from the larger parcel of land. As

---

[1] It is undisputed that BPPR is the successor in interest to R&G Premier Bank by endorsement.

such, BPPR's mortgage lien cannot be perfected and should be cancelled and/or annulled. BPPR's claim must be classified as a general unsecured claim in the related legal case given that recordation at the Registry is essential to the validity of a mortgage.

In turn, BPPR alleges that the mortgage lien was duly presented at the Registry pre-petition and is pending recordation. The Debtors' allegations that there are defects in the segregation of the lot which serves as collateral for the mortgage loan is speculative and unsubstantiated. BPPR submits an undated print-out of search results from the Karibe System website [2] which corroborates the date of the presentation of the mortgage note, and the fact that the same has not been qualified, graded nor notified of any defects by the Registry. In addition, a title study dated July 19, 2018, in relevant part shows the presentation date of the mortgage note over the Property with no notified defects.

Both parties state that each are entitled to summary judgment as a matter of law since there does not exist any genuine controversy as to the material facts. This court agrees. For an analysis under the summary judgment legal standard we take the facts in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor. See Griggs-Ryan v. Smith Griggs-Ryan, 904 F.2d 112,115 (1st Cir. 1990). The object of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is proper only when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). When the nonmovant bears

---

[2] Karibe is the official Puerto Rico Department of Justice information system available via its website at karibe.ridpr.pr.gov. Karibe provides online access to government agencies and municipalities, notaries and the general public to request and obtain services 24 hours a day, seven days a week. Karibe contains information over all properties regarding presentation, dispatch, qualification, notification and registration of documents, as well as the application and issuance of registration certifications.

the burden of proof on a particular issue, she can thwart summary judgment only by identifying competent evidence in the record sufficient to create a jury question. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010).

According to Puerto Rico Law, property rights such as mortgages, have a constitutive requisite. Known as the constitutive effect of recordation, the effect of these statutes has long been recognized and affirmed by the First Circuit Court of Appeals on multiple occasions. See, e.g Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 118 (1st Cir. 2011) (holding that "under Puerto Rico law recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt."); Roig Commercial Bank v. Dueño, 617 F.Supp. 913, 915 (1985) (holding that "plaintiff['s] promissory note was personal property, but . . . [never] became "an interest [in the real property] [since] [f]ailure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, [and] solely enforceable against the maker.") See also Rosario Pérez v. Registrador, 115 D.P.R. 491 (1984).

In Puerto Rico, the requisites, nature, and effect of mortgages are set forth in the Commonwealth's Civil Code and mortgage law. Soto-Rios, 662 F.3d at 118. Puerto Rico law requires that the mortgage deed be recorded at the Registry for the mortgage to be properly constituted and valid. See P.R. Laws Ann. tit. 31, § 5042 ("it is indispensable, in order that the

mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property".). P.R. Laws Ann. tit. 30, § 6084 ("In order for voluntary mortgages to be validly constituted, it is required: (1) that they be stipulated in a deed; (2) that the document be recorded in the Property Registry".) P.R. Laws Ann. tit. 30, § 6084.

Article 19, 30 P.R. Laws Ann. § 6034, of Law No. 210 of December 8, 2015, known as the Puerto Rico Mortgage Law, establishes, in pertinent part, that recorded titles shall become effective for third parties from the date of their recordation. Ergo, once the Registry qualifies the deeds that were presented in the Registry, they will be recorded as of the date of presentation. The Puerto Rico Supreme Court confirmed this interpretation. In Gasolinas de Puerto Rico v. Richard Keeler, 155 D.P.R. 652, 675 (2001), the court concluded that the date of presentation will be the effective date of the recordation.[3] In other words the recordation in the Registry produces its effects retroactively from the specific date of the presentation.

Article 238 of Law No. 210, 30 P.R. Laws Ann. § 6390, provides in pertinent part that if a notification of defects is issued by the Registry and not corrected, or a writing for the Registry to re-assess ("recalificar") the matters is not submitted in sixty (60) days, the Registry will issue an expiration note. The effect of the expiration note pursuant to Article 238, is found in Article 201 of said law. That Article provides that "[t]he entries ["asientos"] of the Registry are extinguished and lose all its effect, in case of the cancellation, expiration or conversion. The right is considered to

---

[3] "De esta forma, si bien los títulos inscritos surten efectos en cuanto a terceros desde su inscripción, será la fecha de la *presentación* el momento determinante para que esta inscripción sea efectiva, pues *la inscripción en el Registro produce sus efectos retroactivamente desde el momento específico de la presentación.* Roca Sastre, *op. cit.*, pág. 5; Rivera Rivera, *op. cit.*, pág. 188. Ponce Federal Savings v. Registrador, 105 D.P.R. 486 (1976)." Gasolinas P. R. v. Registrador, 155 D.P.R. 652, 675 (P.R., 2001).

have ceased to exist from the moment of it being extinguished". ("The 'note of expiration in the presentation entry' ("nota de caducidad en el asiento de presentación") "expires" and extinguishes the presentation entry.) Derecho Registral Inmobiliario Puertorriqueño, 2nd ed., Jurídica Editores, 2002, p. 326."

This court has written several opinions regarding the constitutive effect of recordation on mortgage liens with regards to their validity.  Both BPPR and the Debtors reference these cases in their respective motions.[4] However, the cases cited are distinguishable from this case in a significant material aspect. Those prior cases had a notification of a defect from the Registry to the notary public who presented the mortgage deed. This notification of defect does not exist in the case before the court. To get around this lack of defect notification, the Debtors include the unsworn declaration under penalty of perjury dated July 29, 2019, from title investigator, Mr. Angel Urbina. The unsworn declaration states that the mortgage deed has not been recorded due to the fact that the lot (which serves as collateral for the loan) has not been segregated from its original property. However, from that initial statement, what follows is Mr. Urbina's personal observation as to why the lot has not been segregated.

In order to succeed in a motion for summary judgment, the nonmovant - in this case the

---

[4] See Ramos Garcia v. DLJ Mortgage Capital Inc., Opinion and Order, Bankr. Case No. 14-05463 BKT, Adv. No. 15-00297; Oliveras v. Banco Popular de Puerto Rico, 2018 Bankr. LEXIS 4009; EMI Equity Mortgage v. Valdes-Morales, 315 F. Supp. 694 (D.P.R. 2018); Ortega Ramos v. Banco Popular de Puerto Rico, Opinion and Order, Adv. No. 17-00092 (BKT) (May 8, 2018); Mendez Garcia v. Rushmore Loan Management Services, Opinion and Order, Case No. 17-2345 (ADC) September 28, 2018, U.S. District Court, D. Puerto Rico;  Benavides Posada v. Banco Popular de Puerto Rico, 574 B.R. 32, 35 (D.P.R. 2017); In re Perez Mujica, Opinion and Order, dated September 9, 2013 Case No. 12-1413 (DRD) Bankruptcy Case No. 09- 07655 (ESL), Adv. No. 10-00024; Ramos v. Banco Popular de Puerto Rico, 493 B.R. 355 (D.P.R. 2013); Ortega Rodriguez v. Doral Bank, Opinion and Order, dated October 19, 2012, Case No. 11-09482 ESL Adv. No. 12-00003; Hiraldo v. Banco Popular de Puerto Rico, 471 B.R. 676 (D.P.R. 2012); Alvarado v. RG Premier Bank, 463 B.R. 200 (D.P.R. 2011).

Debtors, bear the burden of proof on a particular issue and can only thwart summary judgment by identifying competent evidence in the record sufficient to create a jury question. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). The Debtors have not accomplished that in this proceeding. The unsworn declaration does not constitute competent evident in the eyes of this court. BPPR submits to the court the print-out of search results from the Karibe System website and a title study dated July 19, 2018. Both documents corroborate the date of the presentation of the mortgage note, and the fact that the same has not been qualified, graded nor notified of any defects by the Registry.

The mortgage deed at the center of this dispute is still pending recordation. Once that recordation is completed by the Registry, the effective date of the lien will be the presentation date of December 11, 2008, thus making the debt secured. In the event a defect is notified by the Registry in the future, BPPR would still have whatever recourse is permitted by Puerto Rico law to correct said deficiencies before the Registry would eliminate the entry as a result of the time period to address those matters having lapsed.

As such, BPPR's *Motion for Summary Judgment*; *Statement of Uncontested Facts and Memorandum of Law* [Dkt. No.'s 18 & 19] are GRANTED. The Clerk shall enter the Judgment forthwith.

SO ORDERED

San Juan, Puerto Rico, this 2nd day of October, 2019.

Brian K. Tester
U.S. Bankruptcy Judge